**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
Cal. Bar No. 259178
6167 Bristol Parkway, Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| RIK SULLIVAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MRS BPO, LLC,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES the Plaintiff, RIK SULLIVAN ("Plaintiff"), by and through his undersigned counsel complaining of the Defendant, MRS BPO, LLC, ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et. seq*.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and the RFDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4. The Court has supplemental jurisdiction over Plaintiffs' RFDCPA claim pursuant to 28 U.S.C. §1337.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant regularly conducts business in the Central District of California.

## PARTIES

6. RIK SULLIVAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. MRS BPO, LLC ("Defendant") is a limited liability company which maintains its principal place of business in Cherry Hill, New Jersey.

9. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

10. At some point approximately 10 years ago, Plaintiff obtained wireless phone service through Verizon Wireless.

11. Unfortunately, the reception in his home is poor and he was unable to continue service with Verizon Wireless.

12. When he called Verizon to complain, Plaintiff was offered a 5G phone, with the understanding that Plaintiff could cancel if this did not fix the reception issues.

13. Verizon also agreed that Plaintiff would be let out of his contract with no charge if his service did not improve with the 5G phone.

14. Plaintiff was still dissatisfied with the service in his home, so he called Verizon and cancelled his service.

15. Verizon issued him a shipping label to return the phone and Plaintiff subsequently mailed back the phone.

16. According to the shipping tracking information, Verizon received the phone on February 8, 2021.

17. Unfortunately, Verizon sent Plaintiff a bill for $715.93 for the cost of the phone ("subject debt"), stating that Plaintiff never returned it.

18. In or around April 2021, Plaintiff started to receive text messages from Defendant attempting to collect on the subject debt.

19. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Plaintiff informed Defendant he no longer wished to be contacted regarding the subject debt as he did not owe the debt.

21. Moreover, Plaintiff did not receive any written communication from Defendant regarding the subject debt.

22. The FDCPA statute gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

23. Concerned with having had his statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

24. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

**CLAIMS FOR RELIEF**

# COUNT I:
## Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of 15 U.S.C. §1692c

26. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)   at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

27. Despite being notified that its collection texts were unwanted, Defendant made the conscious decision to continue its harassing texts, which were clearly inconvenient to Plaintiff.

28. Defendant violated § 1692c(a)(1) by placing numerous collection text messages to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

29. In other words, since Plaintiff did not want to be contacted at any time from Defendant, any text message placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violation(s) of 15 U.S.C. §1692d

30. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§ 1692d and d(5) when it placed numerous unwanted and unconsented to collection text messages in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

33. Defendant's behavior of systematically texting Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

34. The fact that Defendant knowingly placed texts to Plaintiff after Plaintiff made requests that the texts cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violation(s) of 15 U.S.C. §1692g

35. Pursuant to §1692g(a) of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

36. Defendant violated 15 U.S.C. § 1692g(a) by failing to send a verification letter to Plaintiff within 5 days of its initial text message communication with Plaintiff.

**WHEREFORE**, Plaintiff, RIK SULLIVAN, requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

   c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II -Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

37. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

5

38. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

39. As pled above, Defendant violated 15 U.S.C. §§1692c, d and g; therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff, RIK SULLIVAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;
c. Awarding Plaintiff costs and reasonable attorney's fees; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 8, 2021                          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Nicholas M. Wajda*
　　　　　　　　　　　　　　　　　　　　　　　　　**WAJDA LAW GROUP, APC**
　　　　　　　　　　　　　　　　　　　　　　　　　Nicholas M. Wajda
　　　　　　　　　　　　　　　　　　　　　　　　　Cal. Bar No. 259178
　　　　　　　　　　　　　　　　　　　　　　　　　6167 Bristol Parkway, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　　Culver City, California 90230
　　　　　　　　　　　　　　　　　　　　　　　　　+1 310-997-0471
　　　　　　　　　　　　　　　　　　　　　　　　　nick@wajdalawgroup.com
　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*